**In re Darlene BESSER, Debtor.**

**No. 06–14688 ABC.**

United States Bankruptcy Court, D. Colorado.

Nov. 22, 2006.

Albert Hoffman, Esq., Denver, CO, Chapter 7 Trustee.

Stephen C. Sutton, Esq., Golden, CO, for the Debtor.

### ORDER DENYING DEBTOR'S CLAIM OF EXEMPTION

A. BRUCE CAMPBELL, Bankruptcy Judge.

THE MATTER before the Court concerns the Chapter 7 Trustee's objection to Debtor's claim of exemption for her interest in two annuity contracts. The Debtor, Darlene Besser, included in her Schedule C "Property Claimed as Exempt," (a) a Flexible Premium Deferred Annuity Contract with American Equity Investment Life Insurance Company (the "American Equity Annuity"), valued at $62,201.81, and (b) a Flexible Premium Deferred Annuity Contract with Midland National Life Insurance Company (the "Midland National Annuity"), valued at $6,317.67. Debtor claimed each contract as exempt pursuant to Colorado Revised Statutes § 10–7–106.

The Court convened a hearing on the Trustee's objection on October 11, 2006. There, the Court inquired as to whether either party wished to schedule an evidentiary hearing at which evidence might be presented either in support of or in opposition to the Trustee's objection. The parties stated on the record that they expected there were no contested factual issues and that the matter could be submitted on stipulated facts with copies of the subject annuity contracts. Pursuant to the Court's Order, on October 19, 2006 the parties filed a "Joint Submission of Relevant Policies" containing the statement that,

> The Trustee and the Debtor's counsel hereby stipulate that the attached policies along with two letters ... evaluating said policies are the policies to be submitted to the court for determination in relationship to the Trustee's objection to the exemptions.

■ Pursuant to 11 U.S.C. § 522(b)(3), the Debtor claims as exempt from this bankruptcy estate's property, "... property that is exempt under ... state or local law [of the debtor's domicile]," i.e. Colorado. Colorado's general exemption law is found in Article 54 of Title 13 of Colorado's Revised Statutes: "Property and Earnings Exempt." Section 102 of that Article reads:

> *Property Exempt.* (1) The following property is exempt from levy and sale under writ of attachment or writ of execution....

Twenty-one categories of exempt property, some with maximum dollar amounts, are set out as subsections (a) through (u) of C.R.S. § 13–54–102(1). Conspicuously absent from this statute is any reference to any interest under annuity contracts.[1]

■ Both cash surrender value of life insurance policies and proceeds of life insurance policies paid upon death are exempt property under this statute. C.R.S. § 13–54–102(1)(*l*)(A) & (B). An annuity contract is distinct from a life insurance policy,[2] and an interest in the former is not covered by the general Colorado exemption statute. *See In re Kennedy*, 2005 WL 2662328, text at fn. 20 (10th Cir. BAP 2005,

---

1. Also absent from Colorado's statutes is a definition of "annuity" or "annuity contract." Without the benefit of definition, annuities are, however, treated in Title 10, "Insurance," of Colorado Revised Statutes. In C.R.S. § 10–1–102(12), the definition of "insurance" is "a contract whereby one, for consideration, undertakes to indemnify another or to pay a specified or ascertainable amount or benefit upon determinable risk contingencies, and includes annuities." The dictionary defines "annuity" as an amount payable at regular intervals. *Webster's New Collegiate Dictionary.* An annuity contract is a contract under which in exchange for payment of a premium or premiums, the recipient thereof is bound to make future payments, typically at regular intervals, in amounts, to payees, and on conditions specified in the parties' agreement.

2. While death of a person may be a condition triggering rights and obligations under an annuity contract, unlike a life insurance policy, in an annuity contract, death of the insured is not the principal risk contingency in connection with which the premium is paid. The interests in property that the Debtor seeks to exempt in this case are annuity contracts, distinct from life insurance policies. Under these contracts, their owner, the Debtor, paid an initial premium at the start of each contract in exchange for the annuity issuer's agreement to a guaranteed return on that premium and on subsequent optional premiums, at the time of settlement under the contracts. Settlement options include at surrender, at death, or at maturity. The form of settlement may be a lump sum or payments for an agreed period. Various agreed formulae determine the amounts which the owner and/or designated annuitants or beneficiaries will receive in settlement of the annuity contract, depending upon the amount of premiums paid, the elected settlement option, and the timing of the settlement.

unpublished decision); *In re Raymond,* 132 B.R. 53 (Bankr.D.Colo.1991), *aff'd* on other grounds, 987 F.2d 675 (10th Cir. 1993). Accordingly, if this Debtor's claim of exemption for these annuity contracts is to be sustained, the statutory predicate must be located other than in the general Colorado exemption statutes.[3]

The Debtor asserts that the statutory basis for her claimed exemption for these annuity contracts is found in Colorado's insurance statutes at C.R.S. § 10–7–106, which states:

> *Exclusive right of insured in proceeds.* Whenever under the terms of any annuity ... the proceeds are retained by [the issuer] at maturity or otherwise, no person, other than the insured, entitled to any part of such proceeds ... shall be permitted to ... encumber, alienate, or assign the same ... if permission is expressly withheld by the terms of such policy ...; and if such policy ... so provides, no payments ... shall be in any way subject to such person's debts ... nor to any judicial processes to levy upon or attach the same for payment thereof.

The Debtor's claim to an exemption under this statute presents the Court with two issues of statutory construction. First, is this an exemption statute at all? Second, if so, then by the terms of this statute, does the Debtor, as the owner of these annuities, enjoy the exemption from claims of her creditors? Colorado Revised Statutes, section 10–7–106 is not a statute that is easily construed. It is a single sentence of 143 words. Searching for antecedents to pronouns in this statute is an adventure, but not one without rewards. The essen-

tial meaning of the statute is discernable from its language:

> *First,* if an annuity contract so provides, money held by the issuer/insurer may be encumbered or assigned *only* by the insured, *not* others, e.g. any designated beneficiary of annuity payments or of a death benefit.

> *Second,* if an annuity contract so provides, proceeds in the hands of the issuer can be levied on *only* by creditors of the insured, not by creditors of any annuity payee or death beneficiary.

■ The "exemption-like" language in this statute goes to insulating annuity proceeds, not from creditors of the owner of the annuity, but only from creditors of others who may have an economic stake in the annuity, and then, only if the annuity contract so provides. If it does not, then even creditors of an annuity payee or creditors of a death beneficiary can go after annuity proceeds by way of attachment or execution. In conclusion, this statute does not even address limiting the rights of creditors of an annuity owner—in this case, the Debtor.

■ The Court concludes that this statute simply is not an exemption statute at all. It is designed not to protect those with an economic interest in an annuity from their own creditors. Instead, it is designed to uphold limitations on whose creditors an insurer/issuer of an annuity contract must deal with when the annuity contract so provides. That is precisely what Judge Brumbaugh of this Court concluded fifteen years ago in *In re Raymond,* 132 B.R. 53 (Bankr.D.Colo.1991),

---

**3.** A few miscellaneous provisions for exemption of property from attachment, execution, garnishment, and levy are, in fact, sprinkled throughout Colorado's statutes. For example, under Title 7, "Corporations and Associations," cemetery companies can exempt real estate held for cemetery purposes. C.R.S. § 7–47–106 and 107. Under Title 38, "Property—Real and Personal," a homestead is exempt. C.R.S. § 38–41–201. Under Title 26, "Human Service Code," public assistance payments are exempt. C.R.S. § 26–2–131.

*aff'd* on other grounds, 987 F.2d 675 (10th Cir.1993). Moreover, even if this were an exemption statute, it would not exempt any interest in property of the Debtor as owner of the annuity contracts. Accordingly, it is

**ORDERED** that Debtor's claim of exemption of the American Equity Annuity and the Midland National Annuity is DENIED; and the Trustee's Objection thereto is SUSTAINED.